IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SRP MANAGEMENT CORPORATION | : | CIVIL ACTION |
| and NIBUR WESTMORELAND, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| SENECA INSURANCE COMPANY | : | NO. 06-935 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                                               September 26, 2007

      This complaint involves a dispute between an insurance company and its insured over whether a roof collapse was caused by "hidden decay," a requirement for coverage. Before me is defendant's motion for summary judgment asserting that the collapse was *not* caused by hidden decay and seeking to dismiss both the coverage and bad faith claims of the plaintiffs. For the reasons that follow, I will deny the motion for summary judgment on the issue of hidden decay because genuine issues of material fact exist, but I will grant defendant's summary judgment motion pertaining to plaintiffs' bad faith claim.

STANDARD OF REVIEW

      Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party has the initial burden of illustrating for the court that there is an absence of a genuine issue of material fact. All facts must be viewed in the light most favorable to the non-moving party.

FACTS

Seneca issued an insurance policy to cover a building located in Philadelphia, Pennsylvania.  The building is owned by Steven Rubin[1] and is managed by SRP.  The insurance policy excludes loss or damage caused by decay and collapse, but an "additional coverage" provision extends coverage to collapse if caused by "hidden decay," a term not defined by the contract.

The roof of the second floor is supported by large wooden trusses, the ends of which "sit" in pockets in the building's brick walls.  In September of 2005, one of the wooden trusses broke as a result of decay, and a portion of the roof covering the second floor warehouse collapsed. *Def.'s Mot. Sum. J.* at p. 3.  The portion of the building where the truss failed was vacant for many years and was not in use at either the time the policy was issued or the time of the collapse.  Rubin discovered the partial roof collapse while visiting his property to consider  the repair of a known hole in the roof on the opposite side of the building from the collapse.  Although Rubin was aware of the hole he intended to repair, he claims to have had no knowledge of the decaying trusses and in fact believed the building was "secure." *Pls.' Memo. Opp'n Sum. J.* at p. 3.

Both plaintiffs' and defendant's experts agree that the roof collapsed because of severe wood rot within the pocketed-end of the truss.

DISCUSSION

A.  Insurance Policy Coverage

When the term "hidden decay" is not defined in an insurance policy the term will be given its "ordinary meaning" if the language of the policy is clear and unambiguous.  *See Lucker*

---

[1] Stevin Rubin owns the plaintiff company Nibur Westmoreland, Inc.

*Mfg. v. Home Ins. Co.*, 818 F. Supp. 821, 824 (E.D. Pa. 1993) (interpreting insurance policies under Pennsylvania law according to the ordinary meaning of their terms so as to avoid ambiguities).

Plaintiffs use the ordinary meaning and define "hidden" as both "hidden from view, concealed" and "unknown." *Pls.' Mem. Opp'n Sum. J.* at p. 8. The Eastern District has accepted this definition of "hidden," and incorporates the standard of actual or constructive knowledge. *Simmons v. Allstate Ins. Co.*, 1997 U.S. Dist. LEXIS 5743, at *7-9 (E.D. Pa. April 28, 1997). In considering the cause of the plaintiff's basement wall collapse, Judge Yohn analyzed the visibility of the decay as well as the surrounding circumstances, noting a "minimal" one-inch bulge on one wall and repointing of a "limited nature." He concluded that this was not enough evidence to "put anyone on notice of hidden decay." *Id.* Thus, an insured must demonstrate that the decay was not visible *and* that he neither knew nor should have known of the decay or structural damage that eventually led to the collapse.

Plaintiffs''s expert, Jody DeMarco, concluded the roof collapsed due to rot at the end of a truss "located in a wall pocket." She stated the area of rot was *"not visible* since the end section of the truss was imbedded in a brick wall." *Def.'s Mot. Sum. J.,   Ex. B* (emphasis added). She further stated "it is not reasonable to conclude that an average person, a person without knowledge of timber structures, would have been able to identify a severely weakened end section of a large wood truss." *Id.*

Defendant's expert, Russel Daniels, similarly concluded that "the pocketed end of the truss rotted causing it to collapse." Daniels, although noting that the "roof had obviously been leaking for many years," stated that "the rotted portion of the roof truss *may not* have been

readily visible." *Pls.' Mem. Opp'n Sum. J., Ex. G* (emphasis added). Daniels' qualified statement that the rot *might* have been visible is hardly a statement that it was.

Even if the actual cause of the collapse was indisputably hidden, summary judgment would be appropriate if the plaintiff had actual or constructive knowledge of the decay. The defendant argues that Mr. Rubin, the building's owner, had actual knowledge of the decaying wooden truss pocket or that with reasonable care he should have known there was decay in the pocketed-end because of the surrounding decay, known holes in the roof, severe wood rot in *other* areas of the building, cracked and peeling paint, and long-term water infiltration. Both Rubin, and Clifton Joseph, a contractor hired by SRP to perform temporary repairs on the building, deny having any knowledge of decay in any of the roof trusses. *Rubin Dep.* at 71, 83; *Joseph Dep.* at 38. The standard is that of a reasonable person, not a reasonable expert, and the question of whether or not Rubin knew or had constructive knowledge that the truss was decayed is a material issue of fact.

B. Bad Faith Claim

Seneca also seeks to summary judgment on plaintiffs' bad faith claim. Under 42 Pa.C.S. § 8371, a court may find that an insurer acted in bad faith toward the insured and award punitive damages, court costs and attorneys fees, and/or interest on the amount of the claim from the date the claim was made. "Bad faith" is defined as "'any frivolous or unfounded refusal to pay proceeds of a policy.'" *Bostick v. ITT Hartford Group, Inc.*, 56 F. Supp. 2d 580, 586 (E.D. Pa. 1999), *quoting Terletsky v. Prudential Property & Casualty Insurance Company,* 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

To find bad faith, the plaintiff must prove: (1) the insurer lacked a reasonable basis for

denying benefits; and (2) the insurer knew of or recklessly disregarded its lack of reasonable basis. *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 234 (3d Cir. 1997) (applying two part test and refraining from creating a third part based on a showing that the insurer was motivated by improper purpose such as ill-will or self-interest). "Clear and convincing evidence is necessary to prove bad faith." *Polselli v. Nationwide Mutual Fire Ins. Co.*, 23 F.3d 747, 750 (3d Cir. 1994). Summary judgment is appropriate on a bad faith claim when there is no clear and convincing evidence that the insurer's conduct was unreasonable and no evidence that the insurer knew its lack of reasonable basis in denying the claim. *Bostick* 56 F. Supp. 2d at 586.

  The plaintiffs have not produced sufficient evidence to support a finding of bad faith. From the evidence before me, it is uncertain that the cause of the collapse was unknown decay as required by the policy. While the experts agree that the truss collapsed because its supporting end had become rotten, they disagree as to the extent of the damage surrounding the wooden truss pocket and to whom such damage would have been obvious. Plaintiffs' expert testified that "any lay person would have certainly seen the holes in the roof, water damage, and rot. *Demarco's Dep.* at p.17 and 20. The insurer's expert stated that "the roof has obviously been leaking for many years . . . [and] the roof had years worth of debris on it." Further, he noted, "Looking from the inside there was severe wood rot in many areas." *Daniels Report*, p. 2. Whether from the condition described by the experts Rubin had actual or constructive knowledge that the end of this particular truss was rotten is an open question. In any event, it precludes a finding of bad faith on the part of the insurance company.

CONCLUSION

The ordinary meaning of "hidden" requires both that the decay be concealed and unknown. Although the parties' experts agree on the actual cause of the collapse, there is a material factual dispute over whether Rubin knew or had constructive knowledge of the rotted truss. Therefore, I cannot grant defendant's motion for summary judgment on the issue of coverage.

I will, however, grant defendant's motion for summary judgment on the bad faith claim because the plaintiffs have not provided clear and convincing evidence that Seneca's refusal to pay was unreasonable. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SRP MANAGEMENT CORPORATION | : | CIVIL ACTION |
| and NIBUR WESTMORELAND, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| SENECA INSURANCE COMPANY | : | NO. 06-935 |

## **ORDER**

AND NOW, this 26th day of September, 2007, IT IS HEREBY ORDERED that defendant's motion for summary judgment (Dkt. #14) is DENIED as to Count I of the complaint (Coverage) and GRANTED as to Count II of the complaint (Bad Faith). Plaintiffs' claim for bad faith is DISMISSED WITH PREJUDICE.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.