IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SRP MANAGEMENT CORPORATION and NIBUR WESTMORELAND, INC., | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | |
| SENECA INSURANCE COMPANY, | : : | |
| Defendant. | : | NO. 06-935 |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE                                                                                   March 14, 2008
UNITED STATES MAGISTRATE JUDGE

      Plaintiffs SRP Management Corporation and Nibur Westmoreland, Inc. (collectively "SRP") brought this action seeking to recover damages in the stipulated amount of $290,000, to which SRP alleges it is entitled under an insurance policy (the "Policy") issued by defendant Seneca Insurance Company ("Seneca") covering the building located at 3230 North Third Street, Philadelphia, Pennsylvania (the "Building").  SRP claims coverage for a partial collapse of the Building's roof that it alleges resulted from "decay that is hidden from view," a covered peril under the Policy.

      Presently before us[1] is Seneca's motion in *limine* to preclude the testimony of SRP's proposed liability expert, Ivan I. Blitz.  (*See* Doc. 28 (motion); Doc. 29 (response in opposition).)  For the reasons set forth below, we will hear testimony and argument as necessary on this motion in the context of the trial of this case scheduled to begin on Monday, March 17, 2008, and we will reserve decision on this motion until then.

---

      [1]Jurisdiction has been conferred upon this Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule of Civil Procedure 72.1.  (*See* Doc. 22.)

I.  **Mr. Blitz's Proposed Testimony**

SRP intends to call architect Ivan Blitz to testify as both an expert witness and a fact witness in this matter. (Doc. 33 at 10.) Mr. Blitz submitted an expert report within the context of this litigation, and he has been deposed concerning that report. (Doc. 28 at 3 & Ex. C; Doc. 29 at Ex. E.) According to his report, Mr. Blitz proposes to offer expert opinion on three matters: (1) the nature and design of the wooden truss system supporting the building's roof; (2) that "[t]he roof trusses in this building, are set on the brick piers and are embedded into the masonry wall [and that the truss'] failure occurred at this connection;" and (3) that upon examination of the area where the truss failed, "damage, if there was any was internal and not visible to the eye." (Doc. 28, Ex. C; Doc. 29, Ex. E.)

II.  **Standard for Determining the Admissibility of Expert Testimony.**

Admission of expert testimony under Federal Rule of Evidence 702[2] is guided by the United States Supreme Court's ruling in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). The Supreme Court has charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony.[3] *Id.* at 597. This responsibility extends to testimony based not only on scientific knowledge but to testimony based on technical or other

---

[2] Rule 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

[3] Federal Rule of Evidence 104(a) provides that "[p]reliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court."

specialized knowledge as well.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

The Third Circuit requires this Court to address a "trilogy of restrictions" on the admissibility of expert testimony under Rule 702.  *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 320-21 (3d Cir. 2003).  First, the witness must be qualified as an expert.  Second, the testimony must be reliable.  Third, the expert testimony must "fit," meaning it must be relevant and assist the trier of fact.  *Id*.

**III.     Discussion.**

In its motion in limine, Seneca states that it does not object to Mr. Blitz offering expert testimony as to the design and nature of the wooden truss system.  (Doc. 28 at 3.)  Based on the Joint Stipulation as to Uncontested Facts submitted by the parties, it does not appear that the location at which the truss failed remains in dispute.  (*See* Doc. 30 at 3, ¶¶ 3-5.)  The focus of Seneca's motion thus appears to lie in its opposition to Mr. Blitz offering expert testimony as to whether the decay/fiber damage to the truss was readily visible.  (*See, e.g.*, Doc. 28 at 3-5.)  This also appears to be the central issue presented for resolution at the coming trial of this matter.  (*See, e.g.*, Doc. 30 at 4-8 (statements of contested facts).)

Trial of this case is scheduled to commence Monday, March 17, 2008 and is expected to last two days.  The case is to be tried as a non-jury matter, meaning that this Magistrate Judge will also act as the trier of fact.  As several courts within the Third Circuit have recently noted: "In a bench trial, this Court's 'role as gatekeeper pursuant to *Daubert* is arguably less essential' because a judge rather than a jury is the fact finder."  *Gannon v. U.S.*, Slip Op., Civil Action No. 03-6626, 2007 WL 2071878, *1 (E.D. Pa. July 17, 2007) (internal citations omitted) (*quoting Clark v. Richman*, 339 F. Supp. 2d 631, 648 (M.D. Pa. 2004)); *see also Chase Manhattan Mortg.*

3

*Corp. v. Advanta Corp*, No. Civ. A. 01-507(KAJ), 2004 WL 422681, *9-10 (Mar. 4, 2004). Those courts within this Circuit to have considered the issue have further found: "the Third Circuit has given no indication as to how and if *Daubert* hearings differ for bench trials. In the absence of prohibition or direction from the Third Circuit, reliability and relevancy challenges to an expert's opinions may be considered during a bench trial." *Gannon*, 2007 WL 2071878 at *1; *see also Clark*, 339 F. Supp. 2d at 648-49; *Chase Manhattan Mortg. Corp.*, 2004 WL 422681 at *9-10.

   Based on the close proximity of this matter to trial and the fact that we are called upon to act both to decide the questions presented in this motion and ultimately to find the facts at issue in this case, we will defer ruling on this motion for the present. Within the context of trial, we will hear testimony and argument as necessary on the issues presented in this motion and rule as appropriate at that time. Indeed, as the court noted in *Clark*, reflecting on the Supreme Court's mandate from *Daubert*, "vigorous cross-examination and presentation of contrary evidence will provide the best means" of determining the extent to which Mr. Blitz's opinion should be admitted and considered in this matter. *See* 339 F. Supp. 2d at 648-49 (citations and quotations omitted).

   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SRP MANAGEMENT CORPORATION and NIBUR WESTMORELAND, INC., | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | |
| SENECA INSURANCE COMPANY, | : : | |
| Defendant. | : | NO. 06-935 |

**ORDER**

AND NOW, this 14th day of March 2008, upon consideration of defendant Seneca Insurance Company's Motion in *Limine* to Preclude Testimony of Plaintiffs' Proposed Liability Expert, Ivan I. Blitz, together with Plaintiffs' Response in Opposition thereto, it is hereby **ORDERED** that a ruling on the Motion in *Limine* is hereby **RESERVED PENDING TRIAL**. The parties will have an opportunity to present testimony and argument concerning said Motion during the course of trial of this matter, and a further ruling will be made on the Motion at that time.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
United States Magistrate Judge